**S & S LIQUOR MART, INC. and Matthew J. Serra, Responsible Officer**

v.

**John H. NORBERG, Tax Administrator.**

**No. 83–170–M.P.**

Supreme Court of Rhode Island.

June 15, 1983.

Natale L. Urso, Westerly, for petitioner.

Perry Shatkin, Div. of Taxation, Dennis J. Roberts II, Atty. Gen., Donald G. Elbert, Jr., Asst. Atty. Gen., Providence, for respondent.

## OPINION

**WEISBERGER, Justice.**

This case comes before us on a petition for certiorari filed by the taxpayer to review the affirmance by the District Court of a tax deficiency assessed against it by the Tax Administrator (the administrator). The administrator apparently determined that the taxpayer owed an additional sum of $361,068.28. Although this would have required a deficiency in reported sales in the amount of $3,129,382., it appears that the administrator actually found the deficient sales reports as determined by audit to be $1,549,372.33.

We have examined the record of the administrative hearing and find that there is no competent evidence upon which to base a finding of deficiencies in reported sales. Although a senior revenue agent purported to testify concerning unreported purchases from various unidentified liquor distributors, he was in effect testifying to findings made from unidentified sources by another agent of the department. No records of the purported distributors were presented. Nor, indeed, were any specific figures set forth describing these purchases upon which the alleged deficiency is based.

Even assuming, without deciding, that rules of evidence before an administrative tribunal may be somewhat less stringent than those that prevail before the Superior Court,[1] a complete absence of evidence, ei-

---

1. General Laws 1956 (1977 Reenactment) § 42–35–10, provides in part:

   "The rules of evidence as applied in civil cases in the superior courts of this state shall be followed; but, when necessary to as-

certain facts not reasonably susceptible of proof under those rules, evidence not admissible under those rules may be submitted * * if it is of a type commonly relied upon by

ther record evidence or competent testimony to support a claim of substantial deficiency assessment, cannot be the basis for an administrative determination.

For the reasons stated, the taxpayer's petition for certiorari is granted. The judgment of the District Court is hereby quashed. The papers in the case shall be remanded to the District Court with directions to remand the case to the administrator for a new hearing regarding the alleged deficiency at which competent evidence shall be presented, or the deficiency determination shall be vacated.

reasonably prudent men in the conduct of their affairs."